IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONIO GARCIA ROPER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-24-727-SLP |
| STATE OF OKLAHOMA, | ) ) ) |
| Defendant. | ) ) |

**O R D E R**

Plaintiff, appearing pro se, has filed a Complaint [Doc. No. 1] against State of Oklahoma. Plaintiff's Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2). The Court may sua sponte dismiss all or part of a case if a pro se plaintiff who is proceeding *in forma pauperis* "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)). In reviewing the Complaint, the Court accepts all factual allegations as true and draws all inferences in Plaintiff's favor. *See id.* While "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, . . . . the court cannot take on the responsibility of serving as the litigant's attorney in constructing

arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks and citations omitted).

Plaintiff asserts a 42 U.S.C. § 1983 claim, alleging violations of his Fifth and Eighth Amendment rights under the Constitution.[1]  Compl. [Doc. No. 1] at 4.  Plaintiff claims that "the actual acts of negligence committed in Oklahoma State Courts le[d] to a wrongful conviction."  *Id.*  Specifically, Plaintiff claims that he "was sentenced . . . by ADA Kelly Collins in Judge Timothy Henderson[']s courtroom," and "it came out in 2021 that the 2 were having a sexual affair."  *Id.*

The sole Defendant named in Plaintiff's Complaint is the State of Oklahoma.  But the Eleventh Amendment bars Plaintiff's claim against the state of Oklahoma.  "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."  *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *see also Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) ("Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages.").

To be sure, an arm of the state may be liable to suit where the state has waived its Eleventh Amendment immunity, *see Alden v. Maine*, 527 U.S. 706, 755 (1999), or if Congress has abrogated it, *see Garrett*, 531 U.S. at 363.  But neither exception applies here. *See* Okla. Stat. tit. 51, § 152.1(B) ("[I]t is not the intent of the state to waive any rights

---

[1] Section 1983 is the remedial vehicle which allows litigants to seek redress for constitutional violations perpetrated by persons acting under color of state law. *See Brown v. Buhman*, 822 F.3d 1151, 1162 n.9 (10th Cir. 2016).

2

under the Eleventh Amendment to the United States Constitution."); *Quern v. Jordan*, 440 U.S. 332, 345 (1979) (concluding Congress did not abrogate states' Eleventh Amendment immunity by enacting 42 U.S.C. § 1983). Accordingly, Plaintiff's claims against the State of Oklahoma are subject to dismissal.

Additionally, because leave to amend would be futile, this action is subject to dismissal. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must" dismiss the complaint if "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Plaintiff's Complaint necessarily implies the invalidity of his sentence because he claims the relationship between ADA Collins and Judge Henderson tainted the underlying prosecution.

But even if Plaintiff's claims were not barred by *Heck*, they would be subject to a two-year statute of limitations. *See Lawson v. Okmulgee Cnty. Crim. Just. Auth.*, 726 F. App'x 685, 690 (10th Cir. 2018). Even assuming the statute of limitations began running at the time Plaintiff learned about the relationship in 2021, his claim would have expired in December 2023 at the latest. This action was not filed until July 18, 2024. Thus, it is subject to sua sponte dismissal. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("A complaint may be dismissed sua sponte under § 1915 based on an affirmative defense—such as statute of limitations—'[] when the defense is obvious from the face of

the complaint and no further factual record is required to be developed.'" (quoting *Fratus v. DeLand*, 49 F.3d 673, 674–75 (10th Cir. 1995))).

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice.[2] A separate judgment of dismissal will be entered.

IT IS SO ORDERED this 19th day of August, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[2] "Eleventh Amendment immunity is jurisdictional," so dismissals on this basis should be without prejudice. *Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017).